UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Gail Clifford, *M.D.*, | No. 23-cv-2172 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Fast Track Transfer, Inc., *also known as* Ace Moving & Warehousing; and Atlas Van Lines, Inc.; | |
| Defendants. | |

---

As part of routine management of its cases, the Court issues this Order terminating the pending motions to dismiss in this matter as moot. However, as explained, this determination is without prejudice to Defendants' ability to file a motion to dismiss the Plaintiff's recently filed Amended Complaint, if they conclude that there is a basis for filing a pre-answer moton to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Defendant Atlas Van Lines, Inc. ("Atlas") removed this case from Anoka County District Court on July 19, 2023. On July 26th, consistent with District of Minnesota Local Rule 7.1, Atlas filed a motion to dismiss Plaintiff Gail Glifford, M.D.'s Complaint; a supporting memorandum of law; a notice of hearing indicating that the matter would be heard before the undersigned on September 28, 2023; a meet-and-confer statement; and a proposed order. D. Minn. LR 7.1(c)(1). The following day, Defendant Fast Track Transfer ("Fast Track") filed its own motion to dismiss Dr. Clifford's Complaint and a

1

notice of hearing, also noting the September 28th hearing date. Fast Track's filing, however, did not comply with Local Rule 7.1(c) because that rule requires that the moving party file and serve all listed documents "simultaneously." D. Minn. LR 7.1(c)(1). Rather than file all documents at the same time, Fast Track filed its memorandum of law, meet-and-confer statement, and proposed order on August 9, 2023, 13 days after it filed the motion and notice of hearing. Fast Track likely did this because Local Rule 7.1(c) requires filing of documents at least 42 days before a hearing, and the August 9th filing of its memorandum was 49 days prior to the September 28th hearing date, which aligns with the undersigned's preference for leaving an additional week between the close of briefing and the hearing than the Local Rule allows.[1]

Dr. Clifford's response to Atlas's motion to dismiss should have been filed within 21 days after the motion was filed and served—on August 16, 2023. D. Minn. LR 7.1(c)(2) (requiring a response to a dispositive motion to be filed within 21 days after the motion is filed). However, Dr. Clifford did not respond to Atlas's motion by August 16th and has not filed any substantive opposition at all. Instead, on August 30th, Dr. Clifford filed an Amended Complaint, which based on the Court's initial review appears to at least attempt to resolve some of the issues raised by the Defendants' motions to dismiss. It is possible that Dr. Clifford concluded that filing the Amended Complaint was

---

[1] While some Judges may follow a practice that differs from the Local Rule and prefer parties to file their motion and notice of hearing at the time they secure a hearing date and to submit their briefing a certain number of days prior to the hearing, the undersigned adheres to the Local Rule in that all documents should be filed at the same time. The undersigned's Practice Pointers and Preferences make clear that the undersigned will generally hold a hearing no sooner than two weeks after the close of briefing on a dispositive motion. United States District Court, District of Minnesota, *Judges' Practice Pointers and Preferences—Judge Kate M. Menendez*, https://www.mnd.uscourts.gov/judges-practice-pointers. However, the undersigned's preference does not alter the requirement that all documents required to be filed by the moving party under Local Rule 7.1(c)(1) must be filed simultaneously.

2

permitted as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B), which allows a party to amend a pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). But here both Rule 12(b) "motions" were filed on July 26th and 27th, far more than 21 days before Dr. Clifford filed her Amended Complaint.

      The Court is not interested in an overly formalistic interpretation of the Federal Rules of Civil Procedure, or in preventing someone from making an argument due to technical non-compliance with the Local Rules. *See* Fed. R. Civ. P. 1 (requiring the Rules of Civil Procedure to "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). Much more important than sorting out the procedural peccadillos in this case, the Court is interested in what should happen next. We don't have a response from the Plaintiff to either pending motion to dismiss, but we do have an Amended Complaint that, on its face, appears to have been filed in an attempt to resolve issues raised by the Defendants' motions. Under these circumstances, it makes the most sense to treat the Plaintiff's Amended Complaint as having been properly filed as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B), and the Court hereby deems it the operative pleading in this matter. Further, the Court finds that the filing of the Amended Complaint renders the pending motions to dismiss moot, and the September 28, 2023 hearing date is canceled.

      Under Rule 15(a)(3), Defendants would ordinarily have 14 days after service of the Amended Complaint to respond, but to ensure that they have sufficient time to determine whether to answer or to seek dismissal of all or any portion of the Amended

Complaint, the Court finds it prudent to extend that deadline to 21 days from the date the Amended Complaint was served. The Court notes that if Defendants decide that they wish to file a new motion to dismiss, they will likely be able to benefit from some of the work they have already done in preparing the previously filed motions and supporting documents. However, if Defendants file motions to dismiss the Amended Complaint, they must file all documents required by Local Rule 7.1(c) simultaneously, rather than in piecemeal fashion. Moreover, the Court expects Plaintiff to respond to any such motion in a timely manner.

Accordingly, **IT IS HEREBY ORDERED THAT**

1. Defendants' Motions to Dismiss [ECF Nos. 9, 17] are **DEEMED MOOT**.

2. The hearing currently set for September 28, 2023 at 10:00 AM before the undersigned on the motions to dismiss is **CANCELED**.

3. The Court deems the Amended Complaint the operative pleading in this matter.

4. This Order does not preclude Defendants from filing a pre-answer motion to dismiss the Amended Complaint pursuant to Rule 12(b). Any such motion must be filed within 21 days after Defendants were served with the Amended Complaint.

Date: September 6, 2023

    *s/Katherine Menendez*
Katherine Menendez
United States District Judge